# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, et al.,** | * |
| Plaintiffs, | * |
| v. | Case No.: GJH-18-1150 |
| **DEGREE FIRE PROTECTION, INC.,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

On April 20, 2018, Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, and Trustees of the International Training Fund (collectively, "The Funds") brought this action against Defendant Degree Fire Protection, Inc. pursuant to the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(a)(3), 1145, and the Labor-Management Relations Act, 29 U.S.C. § 185(a), to recover amounts owed to the funds under the terms of a Collective Bargaining Agreement ("CBA"). ECF No. 1. The Clerk has entered default, ECF No. 8, and Plaintiffs have moved for a default judgment. ECF No. 7. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion for Default Judgment is granted.

## I. BACKGROUND[1]

The Funds are multiemployer employee benefit plans as defined in 29 U.S.C. § 1002(3). ECF No. 1 ¶ 2. The Funds are established and maintained in accordance with their respective Agreements and Declarations of Trust. *Id*. The Funds are administered in Maryland, while Defendant is incorporated in Ohio. *Id*. ¶¶ 2-3. Defendant operates as a contractor or subcontractor in the sprinkler industry, and at all times relevant to this action was an employer "in an industry affecting commerce" as defined by ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14), the Labor Management Relations Act, 28 U.S.C. §§ 142(1), (3) and 152(2), and the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a). *Id*. ¶ 3.

Plaintiffs allege that Defendants are bound by the terms of the CBA with the Road Sprinkler Fitters Local Union No. 669 ("Local 669"). *Id*. ¶ 4. The CBA required Defendant "to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of Defendant covered by the [CBA]." *Id*. ¶ 5. Specifically, the CBA bound Defendants to the Funds' Trust Agreements and the Guidelines for Participation in the NASI Funds (the "Agreements"). *Id*. ¶ 7. Defendants were also obligated to "submit report forms" to Plaintiffs. *Id*. ¶ 8; *see also* ECF No. 7-8 at 22-23.

Plaintiffs allege that Defendants failed to make contributions in the amount of $4,540.24 for the month of August, 2017, and initially alleged that Defendants both failed to make contributions and submit report forms for the months of September, 2017 through February, 2018. ECF No. 1 ¶¶ 8, 12; ECF No. 7-3 ¶¶ 8-9. Since the filing of this lawsuit, however, Defendants have submitted the remittance reports to Plaintiffs, who have submitted a sworn affidavit stating that the Defendant owes contributions to the Funds in the amount of $23,930.23 for those months. ECF No. 7-3 ¶ 8.

---
[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1.

The Agreements also provide for liquidated damages in the amount of 20% of the total delinquent amount, ECF No. 1 ¶ 13, and interest at the rate provided in 29 U.S.C. § 1132(g), *id*. ¶ 14.

## II. STANDARD OF REVIEW

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment: rather, that decision is left to the discretion of the court." *Choice Hotels Int'l, Inc. v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25.2011). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *id*. (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir.1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id*.

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). The pleadings in the complaint must constitute a legitimate cause of action, as analyzed under the *Iqbal/Twombley* pleading standard. *Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). That is, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014)).

If the pleadings in the complaint constitute a legitimate cause of action, the Court must make an independent determination of damages. *See Agora Fin., LLC v. Samler*, 725 F. Supp. 2d

491, 494 (D. Md. 2010). In doing so, the Court need not "accept factual allegations regarding damages as true." *Id*. The Court may not, however, enter a default judgment that differs "in kind from, or exceed in amount, what is demanded in the pleadings." *Id*.

### III. DISCUSSION

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or agreement." 29 U.S.C. § 1145. Plaintiffs have plausibly alleged that Defendants were bound by the terms of the CBA with Local 669 and by the Funds' Agreements, that these agreements required monthly contributions for any hours worked by covered employees, and that Defendants failed to make those payments. *See* ECF No. 7-3. Therefore, Plaintiff plausibly alleges that Defendants have violated ERISA.

Plaintiffs have submitted a sworn affidavit stating that remittance reports submitted by Defendants state that they owe $23,930.23 for the months of August, 2017 through February, 2018. ECF No. 7-3 ¶ 8. The interest owed on these unpaid contributions, calculated at a rate of 12% per annum through August 30, 2018, amounts to $2,100.22, and continues to accrue through the date of payment. *See* ECF No. 7-13. Liquidated damages, calculated at a rate of 20% of the unpaid contributions, amount to $4,786.05. Plaintiffs have also submitted an affidavit from their attorneys, swearing that they have spent a total of 9.25 hours to bring this action, at a rate of $310.00 per hour for attorney time and $122.00 per hour for paralegal time, for a total of $1,222.50. ECF No. 7-14 ¶¶ 3, 5. These rates are within the local guidelines and are reasonable. *See* Loc. R. App. B (D. Md. July 1, 2016). Plaintiff's affidavit also swears to the incursion of reasonable costs, including a filing fee in the amount of $400.00 and process server fees of

4

$555.00. ECF No. 7-14 ¶ 6. The Court will thus enter judgment in the amount of $32,994.00 pursuant to 29 U.S.C. § 1132(g).

## IV.     CONCLUSION

Plaintiff's Motion for Default Judgment, ECF No. 7, is granted. A separate order shall issue.


Dated: March   27, 2019                                         /s/
                                                                  GEORGE J. HAZEL
                                                                  United States District Judge